# EXHIBIT 1

| | |
|---|---|
| 1 | Timothy D. Cohelan, Esq. |
| 2 | Isam C. Khoury, Esq. |
| | Michael D. Singer, Esq. |
| 3 | Cohelan & Khoury |
| | 605 C Street, Suite 200 |
| 4 | San Diego, CA 92101-5305 |
| 5 | Tel: 619-595-3001 |
| | Fax: 619-595-3000 |
| 6 | |

1  Timothy D. Cohelan, Esq.
2  Isam C. Khoury, Esq.
   Michael D. Singer, Esq.
3  Cohelan & Khoury
   605 C Street, Suite 200
4  San Diego, CA 92101-5305
5  Tel: 619-595-3001
   Fax: 619-595-3000
6
7  Michael J. Procopio, Esq.
   Jill S. Kramer, Esq.
8  Law Offices of Michael J. Procopio
   2677 N. Miami Street, Suite 860
9  Santa Ana, CA 92705
   Tel: 714-541-1550
10 Fax: 714-541-1770
11
   H. Tim Hoffman, Esq.
12 Arthur W. Lazear, Esq.
   Morgan M. Mack, Esq.
13 Hoffman & Lazear
14 180 Grand Avenue, Suite 1550
   Oakland, CA 94612
15 Tel: 510-763-5700
   Fax: 510-835-1311
16
17 Mark R. Thierman, Esq.
   Thierman Law Firm
18 7287 Lakeside Drive, Suite 101
   Reno, NV 89511
19 Tel: 877-995-2267
   Fax: 775-703-5027
20
21 ATTORNEYS FOR PLAINTIFFS
22
23
24
25
26
27
28

Daryl S. Landy, Esq.
Morgan, Lewis & Bockius LLP
Two Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel: 650-843-4000
Fax: 650-843-4001

Sam S. Shaulson, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212-309-6000
Fax: 212-309-6273

Sarah E. Bouchard, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215-963-5000
Fax: 215-963-5001

ATTORNEYS FOR DEFENDANTS

---

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit___1___   Page___3___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BURKE and LINDA GIUSTI-MANGIAMELI, individually, and on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., and CITIGROUP INC.,<br><br>  Defendants. | Case Nos. CV 06-7550 ABC (PJWx) and CV 06-5135 ABC (PJWx)<br><br>**STIPULATION AND SETTLEMENT AGREEMENT** |

## STIPULATION AND SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED by and between LINDA BURKE and LINDA GIUSTI-MANGIAMELI (as Class Representatives), on behalf of themselves and all others similarly situated, on the one hand, and CITIGROUP INC. ("Citigroup") and CITIMORTGAGE, INC. ("CMI") (collectively, "CITI"), on the other hand, as set forth below:

### I.  THE CONDITIONAL NATURE OF THIS STIPULATION

This Stipulation and Settlement Agreement (herein "Stipulation") and all associated exhibits or attachments is made for the sole purpose of settling the above-captioned actions on a collective and class-wide basis.  This Stipulation and the settlement it evidences is made in compromise of disputed claims.  Because these actions were pled as class actions, this settlement must receive preliminary and final approval by the Court.  Accordingly, the Settling Parties (as defined in Section VI) enter into this Stipulation and associated settlement on a conditional basis.  In the event that the Court does not enter the Order Granting Final Approval of Settlement, or in the event that the associated Judgment

1

does not become a Final Judgment for any reason, this Stipulation shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Stipulation shall remain subject to the provisions of Federal Rule of Evidence 408, California Evidence Code Sections 1119 and 1152, and any other analogous rules of evidence that are applicable.

CITI denies all claims as to liability, damages, penalties, interest, fees, restitution, injunctive relief and all other forms of relief as well as the collective and class allegations asserted in the Litigation, as that term is defined in Section VI.  CITI has agreed to resolve the Litigation via this Stipulation, but to the extent this Stipulation is deemed void or the Effective Date does not occur, CITI does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class and collective action treatment on any grounds, to raise federal law preemption of the asserted claims, as well as asserting any and all other potential defenses or privileges. The Class Representatives and Class Counsel (as defined in Section VI) agree that CITI retains and reserves these rights and they agree not to take a position to the contrary; specifically the Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument that based on this Stipulation, CITI could not contest class certification or collective action certification on any grounds, raise federal law preemption of asserted claims, or assert any and all other potential defenses and privileges if this Litigation were to proceed.

## II. THE PARTIES TO THIS STIPULATION.

This Stipulation (with the associated exhibits) is made and entered into by and among the following Settling Parties:  (i) the Class Representatives (on behalf of themselves and each of the Settlement Class Members), with the assistance of Class Counsel; and (ii) CITI, with the assistance of its counsel of choice.  The Stipulation is intended by the

1  Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released State

2  Law Claims and Released Federal Law Claims (as defined in Section VI) upon and subject

3  to the terms and conditions hereof.

4  **III.     THE LITIGATION.**

5          On April 18, 2006, Class Representative Linda Giusti-Mangiameli commenced

6  a purported class action against CITI in Alameda County Superior Court.  On May 26, 2006,

7  CITI removed the action to the United States District Court for the Northern District of

8  California.  CITI then moved to transfer the action to the United States District Court for the

9  Central District of California.  The Court granted CITI's motion on August 7, 2006, and the

10  action was transferred, <u>Giusti-Mangiameli v. CitiMortgage, Inc., et al.</u>, C.D. Cal. Case No.

11  CV 06-5135 ABC (PJWx) ("Giusti Action").

12          On August 22, 2006, Class Representative Linda Burke commenced a

13  purported class action against CMI in the United States District Court for the Southern

14  District of California.  The parties then jointly moved to transfer this action to the Central

15  District of California.  The Court granted the joint motion on November 16, 2006, and the

16  action was transferred, <u>Burke v. CitiMortgage, Inc.</u>, C.D. Cal Case No. CV 06-7550 ABC

17  (PJWx) ("Burke Action").

18          In these actions, one or both of the Class Representatives alleged on behalf of

19  CITI employees in California that the Class Members (a) were misclassified as exempt from

20  federal and state overtime laws and not paid the required compensation for overtime hours

21  they worked, including interest, liquidated damages, and penalties; (b) incurred business

22  related expenses, that CITI did not reimburse them for those expenses as required by law,

23  and that CITI unlawfully made deductions from their compensation; (c) were not provided

24  with meal and rest periods, as required by law; (d) were not provided with accurate, itemized

25  statements of gross wages earned, hours worked, deductions, net wages and hourly rates;

26  (e) were not paid timely wages due at termination; and (f) are entitled to "waiting time"

27  penalties.

28

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit __1__  Page __6__

1           Thereafter, on April 2, 2008 the Plaintiffs from both of the aforementioned

2    actions filed an Amended Consolidated Class Collective Action Complaint that included the

3    Plaintiffs' claims from the Giusti and Burke Actions, and asserted against CITI claims under

4    both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the California

5    Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. §§ 2698 through

6    2699.5, on behalf of the State of California and all Class Members to whom PAGA applies.

7    The Plaintiffs previously had provided written notice to the California Labor and Workforce

8    Development Agency of their intent to assert a claim under PAGA and the bases for that

9    claim.   Plaintiffs subsequently received notice from the California Labor and Workforce

10   Development Agency that Plaintiffs could proceed with their claim under PAGA on behalf

11   of the State of California.

12          After the Burke Action was transferred to the Central District of California, the

13   parties engaged in a series of arm's length negotiations, including a full day of mediation

14   facilitated by Mark Buckstein of Professional Dispute Resolutions, Inc., a mediator with

15   extensive experience in labor and employment litigation, which culminated in their reaching

16   the conditional agreement reflected herein.

17   **IV. DEFENDANTS' DENIAL OF WRONGDOING OR LIABILITY.**

18          CITI specifically and generally denies any and all liability or wrongdoing of

19   any sort with regard to any of the claims alleged, makes no concessions or admissions of

20   liability of any sort, and contends that for any purpose other than settlement, neither the

21   Burke Action, the Giusti Action, nor the Consolidated Action is appropriate for class or

22   collective action treatment pursuant to either Federal Rule of Civil Procedure 23 or 29

23   U.S.C. § 216(b), respectively.   Nonetheless, CITI has concluded that further conduct of the

24   Litigation would be protracted, distracting and expensive, and that it is desirable that the

25   Litigation be fully and finally settled in the manner and upon the terms and conditions set

26   forth in this Stipulation.   CITI has also taken into account the uncertainty and risks inherent

27   in any litigation.   CITI has therefore determined that it is desirable and beneficial to it to

28

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit ___1___   Page ___7___

settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

## V. CLAIMS OF THE CLASS REPRESENTATIVES AND BENEFITS OF SETTLEMENT.

The Class Representatives and Class Counsel believe that the claims asserted in the Litigation have merit and that evidence developed to date supports the claims. However, the Class Representatives and Class Counsel recognize and acknowledge the expense and length of time of the type of continued proceedings necessary to prosecute the Litigation against CITI through trial and through appeals.  The Class Representatives and Class Counsel have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in all litigation.  Based upon their evaluation, the Class Representatives and Class Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Class Representatives and the Settlement Class.

## VI. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT.

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representatives (for themselves and the Settlement Class Members) and CITI, with the assistance of their respective counsel or attorneys of record, that, as among the Settling Parties, including all Settlement Class Members, the Litigation and the Released State Law Claims and Released Federal Law Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation and the Judgment (as defined herein).

1. *Definitions.*

As used in all parts of this Stipulation, the following terms have the meanings specified below:

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit___1___ Page___8___

1        1.1   "Administrative Costs" means the amount to be paid to the Claims

2    Administrator, estimated to be approximately $50,000, for services rendered in connection

3    with the administration of this settlement as set forth in this Stipulation, the maximum

4    $2,100,000 amount available to Class Counsel in the form of attorneys' fees, litigation

5    expenses in an amount up to $25,000, the maximum amount to be paid as individual

6    Enhancements to the Class Representatives (up to $25,000 each), payment to the California

7    Labor and Workforce Development Agency in the amount of $54,000, and all other costs in

8    connection with consummating the terms of this Stipulation, including the costs of all notices

9    set forth in Section 2.6 and its subsections.

10       1.2   "CITI Releasees" means Citigroup, Citibank, N.A., and CMI, and each of

11   their affiliates (including, without limitation, their parents and subsidiaries), predecessors,

12   successors, divisions, joint ventures and assigns, and each of these entities' past or present

13   directors, officers, employees, partners, members, principals, agents, insurers, co-insurers,

14   re-insurers, shareholders, attorneys, and personal or legal representatives.

15       1.3   "Claims Administrator" means the third-party claims administration firm

16   Rust Consulting, Inc.

17       1.4   "Claims Period Deadline" shall be the date sixty (60) days after the

18   Notice Packet is mailed to the Class Members by the Claims Administrator.

19       1.5   "Class" means the group of individuals CITI employed in Covered

20   Positions during the Class Period, or the estates of such individuals.  The Class does not

21   include any Persons whom CITI never employed in Covered Positions during the Class

22   Period.

23       1.6   "Class Counsel" means, collectively, Thierman Law Firm, Cohelan &

24   Khoury, Law Offices of Michael J. Procopio, and Hoffman & Lazear.

25       1.7   "Class Member" or "Member of the Class" means a Person who is a

26   member of the Class employed in a Covered Position at any time during the Class Period.

27

28

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit _1_ Page _9_

1.8  "Class Period" means April 18, 2002 through the Preliminary Approval
Date.

1.9  "Class Representatives" or "the Class Representatives" means Linda
Burke and Linda Giusti-Mangiameli, Named Plaintiffs in the Litigation.

1.10 "Class Representatives' Released Claims" collectively means any and all
claims, obligations, demands, actions, rights, causes of action, and liabilities against CITI
Releasees, of whatever kind and nature, character, and description, whether in law or equity,
whether sounding in tort, contract, federal, state and/or local law, statute, ordinance,
regulation, common law, or other source of law, whether known or unknown, and whether
anticipated or unanticipated, including Unknown Claims as defined in Section 1.46 hereof,
by a Class Representative arising, for each Class Representative, during the period from the
beginning of that Class Representative's dates of employment with CITI to the date on which
the Court enters the Order of Final Approval, for any type of relief, including without
limitation claims for wages, damages, unpaid costs, penalties (including late payment
penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs,
restitution, or equitable relief.  The Class Representatives' Released Claims include, but are
not limited to:  (a) claims for overtime, meal and rest periods, pay stub violations, waiting
time penalties, fee waivers, and concessions, and any other claims arising from or dependent
on the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and all of its implementing
regulations and interpretive guidelines; California Labor Code §§ 96 through 98.2 *et seq.*; the
California Payment of Wages Law, and in particular, California Labor Code § 200 *et seq.*,
including California Labor Code §§ 200 through 243, and §§ 203, 218, 218.5, and 221 in
particular, California Labor Code § 300 *et seq.*; California Labor Code § 400 *et seq.*;
California Working Hours Law, California Labor Code § 500 *et seq.*; California Labor Code
§§ 1171 through 1205, and §§ 1174 and 1194 in particular; California Labor Code §§ 2802
and 2804; the California Unfair Competition Act, and in particular, California Business &
Professions Code § 17200 *et seq.*; the California Labor Code Private Attorneys General Act

7

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit   1   Page  10

of 2004, codified at California Labor Code §§ 2698 through 2699.5, including without limitation claims asserted under that statute on the Class Representative's behalf, claims on behalf of other current and former CITI employees, and claims on behalf of the State of California; California Code of Civil Procedure § 1021.5; and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations (including without limitation Wage Order 4-2001 and the wage, overtime, meal, break, and rest period, record-keeping, and deduction provisions thereof); (b) any and all claims under applicable state laws stemming from or based on the alleged misclassification of the Class Representatives as exempt employees, *i.e.*, employees whom the CITI Releasees classified as exempt from the wage and hour requirements imposed on employers but who actually do not qualify for any exemption; (c) any and all claims alleging unlawful deductions from wages (including without limitation claims for reimbursement of costs spent on support staff, any advertising or promotional expenses, seminar costs, training costs, mailing costs, subscriptions, office supplies, office equipment, errors, client fees, costs to settle disputes with customers, account fees for delinquent customer accounts, vehicle usage, airfare, car mileage, car rental, car fuel, celebratory events, conferences, seminars, training fees, dues, professional association membership fees, incentives, entertainment expenses (whether or not related to client acquisition and/or retention), transportation, hotel, meals, lodging, license and registration fees (whether or not required), and/or telecommunications (including, without limitation, cell phone usage, home facsimile machine usage, home telephone usage, internet service, pager service, and/or blackberry service)); (d) any and all claims, including without limitation state statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs (including without limitation claims for reimbursement of costs spent on support staff, any advertising or promotional expenses, seminar costs, training costs, mailing costs, subscriptions, office supplies, office equipment, errors, client fees, costs to settle disputes with customers, account fees for delinquent customer accounts, vehicle usage, airfare, car

mileage, car rental, car fuel, celebratory events, conferences, seminars, training fees, dues, professional association membership fees, incentives, entertainment expenses (whether or not related to client acquisition and/or retention), transportation, hotel, meals, lodging, license and registration fees (whether or not required), and/or telecommunications (including, without limitation, cell phone usage, home facsimile machine usage, home telephone usage, internet service, pager service, and/or blackberry service)); (e) any and all claims raised in or related to the Litigation; and (f) claims under state or federal discrimination statutes, including, without limitation, the California Fair Employment and Housing Act, California Government Code § 12940 *et seq.*; the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and all of their implementing regulations and interpretive guidelines.

1.11 "Consent to Join Settlement Form" means the form attached as Form B to the Notice of Class Action and Pending Settlement, as approved by both the Parties and the Court, which a Class Member must submit in addition to a Settlement Claim Certification Form in order to become a Participating Claimant and recover a payment pursuant to Section 2.2.

1.12 "Consolidated Action" means the action joining together the Burke Action and Giusti Action, which Class Representatives implemented by filing a consolidated amended complaint, bringing a class and collective action and alleging claims under California law, including but not limited to PAGA claims on behalf of the State of California and all Class Members to whom PAGA applies, and under the Fair Labor Standards Act, with CITI's review, approval, and consent.

1.13 "Court" means the United States District Court for the Central District of California.

9

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit ___1___   Page ___12___

1.14 "Covered Positions" means, collectively, those who were employed at any time during the Class Period in either or both of the following positions covered by this Stipulation:  (a) current and former Loan Officers/Lending Consultants whom CITI has employed within the State of California; and (b) current and former Junior Loan Officers/Junior Lending Consultants whom CITI has employed within the State of California.

1.15 "Effective Date" means the date on which the Judgment becomes a Final Judgment.

1.16 "Enhancement" means an amount approved by the Court to be paid to the Class Representatives identified in Section 1.9, in addition to their awards as Participating Claimants, in recognition of their efforts in coming forward as Class Representatives.

1.17 "Final Judgment" means the latest of:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or attorneys' costs shall not, by itself, in any way delay or preclude the Judgment from becoming a Final Judgment.

1.18 "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation following the Final Approval Hearing.

1.19 "Junior Lending Consultant" or "Junior Loan Officer" means those Persons CITI employed as Junior Lending Consultants or Junior Loan Officers, as CITI commonly uses those terms.

1.20 "Last Known Address" or "Last Known Addresses" means the most recently recorded mailing address for a Class Member as such information is contained in CITI's PeopleSoft database.

Exhibit 1 Page 13

1.21 The "Litigation" or the "Lawsuit" means the Burke Action and the Giusti Action, as well as the Consolidated Action joining the two that was filed on or about April 2, 2008.

1.22 "Lending Consultant" or "Loan Officer" means those Persons CITI employed as Lending Consultants or Loan Officers as CITI commonly uses those terms.

1.23 "Maximum Settlement Amount" shall mean the maximum amount that CITI shall pay under the terms of this Stipulation, which is the gross sum of $8,400,000.

1.24 "Mediation" means the April 16, 2007 mediation between the Class Counsel and Counsel for CITI before Mark A. Buckstein, Esq., in Boca Raton, Florida.

1.25 "Mediator" means Mark A. Buckstein, Esq.

1.26 "Net Settlement Amount" means the Maximum Settlement Amount less Administrative Costs.

1.27 "Notice of Class Action and Pending Settlement" or "Class Notice" means a notice (and associated response forms) entitled "Notice of Class Action and Pending Settlement" to be approved by the Court, substantially in the form attached hereto as Exhibit "A".

1.28 The "Notice Mailing Deadline" refers to the date the Notice Packet is to be mailed by the Claims Administrator to the Class and shall be the date forty-five (45) days after the Preliminary Approval Date.

1.29 The "Notice Packet" refers collectively to the documents mailed to the members of the Class pursuant to the terms of this Stipulation, and includes the following documents:  1) Notice of Class Action and Pending Settlement (Exhibit "A"); 2) Settlement Claim Certification Form (Exhibit "B"); 3) Consent to Join Settlement Form (Exhibit "C"); and 4) a pre-printed return envelope addressed to the Claims Administrator.

1.30 "Opt Out" or "Opt Outs" or "Request for Exclusion" means a Request for Exclusion, submitted in accordance with the terms outlined in the Class Notice.  Any person who does not wish to participate in the Settlement, *i.e.* who wants to opt-out of the

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit  __1__  Page __14__

1   Settlement, may file a timely Request for Exclusion pursuant to the Notice of Class Action
2   and Pending Settlement.  The Request for Exclusion must be signed under penalty of perjury,
3   must contain the statements set forth in of the Notice of Class Action and Pending
4   Settlement, and must be sent by mail or courier to the Claims Administrator so that it is
5   actually received by the Claims Period Deadline.  Any person who timely submits such a
6   Request for Exclusion shall be barred from participation in the Settlement, and shall receive
7   no benefit from the Settlement.

8         1.31 "Order of Final Approval" or "Order Granting Final Approval of
9   Settlement" shall mean an order to be entered and filed by the Court following the Final
10  Approval Hearing.

11        1.32 "Participating Claimant(s)" or "Participating Class Member(s)" means
12  each Member of the Settlement Class who properly and timely submits both a signed
13  Consent to Join Settlement Form and a Qualifying Settlement Claim Certification Form in
14  response to the Notice of Class Action and Pending Settlement.

15        1.33 "Person" means a natural person.

16        1.34 "Preliminary Approval Date" means the date on which the Court enters
17  the Preliminary Approval Order.

18        1.35 "Preliminary Approval Order" or "Order Granting Preliminary Approval
19  for the Settlement and Setting a Settlement Hearing" means an order to be executed and filed
20  by the Court entitled "Order Granting Preliminary Approval of Class and Collective Action
21  Settlement," substantially in the form attached hereto as Exhibit "D", approving the terms
22  contained in this Agreement, certifying a class and collective action for settlement purposes
23  as provided in Section 2.1.1, and setting a Final Approval Hearing Date.

24        1.36 A "Qualifying Settlement Claim Certification Form" means a Settlement
25  Claim Certification Form that is completed, properly executed, timely post-marked, and
26  timely received by the Claims Administrator.

27

28

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit____1____ Page l5

1.37   A "Reasonable Address Verification Measure" means the utilization of the National Change of Address Database maintained by the United States Postal Service to review the accuracy of and, if possible, update a mailing address.  If new address information is provided by return mail or through the Claims Administrator's search, the Claims Administrator shall promptly forward the original Notice Packet to the addressee via first-class regular U.S. Mail indicating on the Original Notice the date when it was remailed, and notify counsel for CITI and Class Counsel of the date of each such remailing.

1.38   "Released State Law Claims" collectively mean any and all applicable state law wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities against CITI Releasees, asserted in the Litigation, that could have been asserted in the Litigation, or that are related to the claims asserted in the Litigation, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims as defined in Section 1.46 hereof, by a Class Member that accrued during the Class Period, including without limitation (a) claims for wages, damages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief; (b) claims for overtime, missed meal and rest periods, pay stub violations, waiting time penalties, fee waivers, and concessions, and any other claims arising from or dependent on California Labor Code §§ 96 through 98.2 *et seq.*; the California Payment of Wages Law, and in particular, California Labor Code § 200 *et seq.*, including California Labor Code §§ 200 through 243, and §§ 203, 218, 218.5, and 221 in particular, California Labor Code § 300 *et seq.*; California Labor Code § 400 *et seq.*; California Working Hours Law, California Labor Code § 500 *et seq.*; California Labor Code §§ 1171 through 1205, and §§ 1174 and 1194 in particular; California Labor Code §§ 2802 and 2804; the California Unfair Competition Act, and in particular, California Business & Professions Code § 17200 *et seq.*; the California Labor Code Private Attorneys General Act of 2004, codified at California Labor Code §§ 2698 through 2699.5, including without limitation claims asserted under this statute on behalf of the State of California; California

Exhibit   1   Page   16

Code of Civil Procedure § 1021.5; and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations (including without limitation Wage Order 4-2001 and the wage, overtime, meal, break, and rest period, record-keeping, and deduction provisions thereof); (c) any and all claims under applicable state laws stemming from or based on the alleged misclassification of employees in Covered Positions as exempt employees, *i.e.*, employees whom the CITI Releasees classified as exempt from the wage and hour requirements imposed on employers but who actually do not qualify for any exemption; (d) any and all claims alleging unlawful deductions from wages (including without limitation claims for reimbursement of costs spent on support staff, any advertising or promotional expenses, seminar costs, training costs, mailing costs, subscriptions, office supplies, office equipment, errors, client fees, costs to settle disputes with customers, account fees for delinquent customer accounts, vehicle usage, airfare, car mileage, car rental, car fuel, celebratory events, conferences, seminars, training fees, dues, professional association membership fees, incentives, entertainment expenses (whether or not related to client acquisition and/or retention), transportation, hotel, meals, lodging, license and registration fees (whether or not required), and/or telecommunications (including, without limitation, cell phone usage, home facsimile machine usage, home telephone usage, internet service, pager service, and/or blackberry service)); and (e) any and all claims, including without limitation state statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs (including without limitation claims for reimbursement of costs spent on support staff, any advertising or promotional expenses, seminar costs, training costs, mailing costs, subscriptions, office supplies, office equipment, errors, client fees, costs to settle disputes with customers, account fees for delinquent customer accounts, vehicle usage, airfare, car mileage, car rental, car fuel, celebratory events, conferences, seminars, training fees, dues, professional association membership fees, incentives, entertainment expenses (whether or not related to client acquisition and/or retention), transportation, hotel, meals, lodging, license and registration fees (whether or not

required), and/or telecommunications (including, without limitation, cell phone usage, home facsimile machine usage, home telephone usage, internet service, pager service, and/or blackberry service)).   The Released State Law Claims are the claims meeting the above definition under any and all applicable statutes or common law, which includes claims under PAGA, including but not limited to claims on each Class Member's behalf, claims on behalf of other current and former CITI employees, and claims on behalf of the State of California.

1.39 "Released Federal Law Claims" collectively mean any and all federal claims, obligations, demands, actions, rights, causes of action, and liabilities against CITI Releasees asserted in the Litigation, that could gave been asserted in the Litigation, or that are related to the claims asserted in the Litigation, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims as defined in Section 1.46 hereof, by a Class Member that accrued during the Class Period, including without limitation claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations:  (a) any and all claims which arise under or are predicated upon the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*; and (b) any and all claims related to overtime or overtime pay in a Covered Position which arise under or are predicated upon the FLSA.  Only Class Members who timely submit a Consent to Join Settlement form will release the Released Federal Law Claims.

1.40 "Settlement Claim Certification Form" means the form attached as Form A to the Notice of Class Action and Pending Settlement, in the same or substantially the same form as set forth in Exhibit "B", which a Class Member must submit in addition to a Consent to Join Settlement Form in order to become a Participating Claimant and recover a payment pursuant to Section 2.2.

1.41 "Settlement Class" means all of the Class Members who do not opt out of the Settlement by submitting a timely Request for Exclusion Form pursuant to Section

Exhibit ___*1*___ Page___ *18*

2.7.2, and thus means all of the Class Members who will become bound by the Judgment if the Effective Date occurs.

1.42 "Settlement Class Member" or "Member of the Settlement Class" means any Person who is a member of the Settlement Class.

1.43 "Settlement Hearing" or "Final Approval Hearing" or "Fairness and Good Faith Determination Hearing" means a hearing set by the Court to take place on or about the date which is fifty-five (55) days after the Claims Period Deadline (or such date as the Court may otherwise establish) for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and associated settlement; and (iii) entering Judgment.

1.44 "Settling Parties" means CITI and the Class Representatives, Linda Burke and Linda Guisti-Mangiameli, on behalf of themselves and all Members of the Settlement Class.

1.45 "Settlement" or "Settlement Agreement" means this agreement, *i.e.*, the Stipulation and Settlement Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them, and which is subject to Court approval.  It is understood and agreed that CITI's obligations for payment under this Stipulation are conditioned on, *inter alia,* the occurrence of the Effective Date.

1.46 "Unknown Claims" means (a) any Released State Law Claims which the Class Representatives or any Settlement Class Member (including all Participating Claimants) does not know or suspect to exist in his or her favor through the effective date of his or her release, and which, if known by him or her might have affected his or her settlement with and release of the CITI Releasees, or might have affected his or her decision to opt out of the Class or to object to this settlement, and (b) any Released Federal Law Claims which the Class Representatives or any Participating Claimant does not know or

1 suspect to exist in his or her favor through the effective date of their release, and which, if

2 known by him or her might have affected his or her settlement with and release of the CITI

3 Releasees, or might have affected his or her decision to opt out of the Class or to object to

4 this settlement.  With respect to any and all Released State Law Claims and Released Federal

5 Law Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class

6 Representatives shall have expressly, knowingly, and intentionally waived for themselves the

7 benefits and rights of California Civil Code Section 1542, and each of the Settlement Class

8 Members shall be deemed to have, and by operation of the Judgment shall have, waived the

9 provisions, rights, and benefits of California Civil Code Section 1542, which provides:

10
11
12
13

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

14 Additionally, with respect to any and all Released State Law Claims and Released

15 Federal Law Claims, the Class Representatives shall likewise be deemed to have waived the

16 benefits of any statute, rule doctrine, or common law principle of any jurisdiction whatsoever

17 of similar effect to California Civil Code Section 1542 and the Settlement Class Members

18 shall be deemed to have, and by operation of the Judgment shall have, likewise waived such

19 rights.  The Class Representatives and each Settlement Class Member may hereafter discover

20 facts in addition to or different from those which he or she now knows or believes to be true

21 with respect to the subject matter of the Released State Law Claims and Released Federal

22 Law Claims, but the Class Representatives and each Settlement Class Member (including all

23 Participating Claimants), upon the Effective Date, shall be deemed to have, and by operation

24 of the Judgment shall have, fully, finally, and forever settled and released any and all

25 Released State Law Claims and Released Federal Law Claims, known or unknown,

26 suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

27 which then exist, or heretofore have existed upon any theory of law or equity now existing or

28

coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Class Representatives acknowledge the significance and consequence of this waiver, and the Settlement Class Members (including Participating Claimants) shall be deemed by operation of the Judgment to have acknowledged the consequence and significance and assume full responsibility for any loss that may be incurred by reason of such waiver.  The Class Representatives further acknowledge, and the Settlement Class Members (including Participating Claimants) shall be deemed by operation of the Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

1.47 "Updated Address" means a mailing address that was updated via a Reasonable Address Verification Measure or via an updated mailing address provided by the United States Postal Service or a Class Member or any other source.

1.48 "Work Months" means the total number of months worked by a Class Member in a Covered Position during the Class Period, rounded up to the next full month. For example, if a Class Member worked from January 30, 2006 until June 20, 2006, the Class Member would be credited with a total of five (5) Work Months.

2. *The Settlement.*

2.1 *Certification of a Class and Collective Action for Settlement Purposes Only.*

2.1.1   The Parties stipulate, for settlement purposes only, to the certification by the Court of a class of all Class Members as to all claims asserted in the Litigation pursuant to state law, and further stipulate, for settlement purposes only, to the certification by the Court of a collective action as to all claims asserted in the Litigation pursuant to the FLSA.

2.1.2   If for any reason the Court does not approve this Stipulation, fails to enter the Judgment of Final Judgment and Dismissal, or if this Stipulation and Settlement

18

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit____1____Page__21

Agreement is lawfully terminated for any other reason, CITI shall retain the absolute right to dispute the propriety of class certification and collective action certification on all applicable grounds.

2.2 *Consideration to Settlement Class Members*

2.2.1  CITI, through the Claims Administrator, and according to the terms, conditions, and procedures set forth in Section 2.7 of this Stipulation, shall pay each Participating Claimant a share of the Net Settlement Amount.  The amount due to each Participating Claimant shall be calculated by dividing the number of months worked by the Participating Claimant during the Class Period by the total number of months worked by the Class during the Class Period, and multiplying this quotient by the Net Settlement Amount.

2.2.2  For income and payroll tax purposes, the Settling Parties agree that 50% of each settlement payment as set forth in Section 2.2.1 constitutes wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining 50% of each settlement payment constitutes penalties, interest and other non-wage recovery (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law).

2.2.3  As further detailed in Sections 2.4.1 and 2.4.2, and for each payment made pursuant to Sections 2.2 and 2.9 of this Section VI, CITI, through the Claims Administrator, will report each payment to government authorities including the Internal Revenue Service as required by law, and through the Claims Administrator shall make all required deductions, withholdings, and/or payroll tax payments.

2.2.4  In addition to the payments to Participating Claimants set forth in Section 2.2.1, the Settling Parties shall also make a payment to the California Labor and Workforce Development Agency as consideration for the release of PAGA claims in the amount of $54,000.  Such payment shall be included as part of the Administrative Costs and shall be paid out of the Maximum Settlement Amount.

2.3.  *Disputed Claims*

1    If a Class Member disputes the total months worked during the Class Period

2    which has been stated by the Claims Administrator in his/her Claim Form, in order for the

3    dispute to be considered, he/she must follow the directions set forth in the Class Notice and

4    the Consent to Join Settlement Form and the Settlement Claim Certification Form.

5    Written notice of the dispute must be post-marked within the 60-day period for

6    submission of Settlement Claim Certification Forms and Consent to Join Settlement Forms,

7    and must be received by the Claims Administrator within seventy (70) days of the Claims

8    Administrator's mailing of the Notice Packet.  Upon the timely receipt of any disputed claim,

9    the Claims Administrator will notify counsel for the Parties in writing (email constitutes a

10   writing for this purpose) of the dispute.  If a Class Member disputes the accuracy of CITI's

11   records, documents this dispute on the Claim Form, and presents sufficient documentary

12   evidence supporting the challenge to the Claims Administrator together with the Settlement

13   Claim Certification Form, and the Settling Parties' counsel cannot resolve the dispute

14   informally, the Settling Parties will refer the matter to the Claims Administrator who will

15   expeditiously investigate the facts and issue a final decision.

16   2.4.   *Taxes*

17   2.4.1   Those payments allocated to the settlement of claims for unpaid wages

18   (a) shall be subject to required withholdings and deductions, and so the net amounts payable

19   will be less than the gross amounts; and (b) shall be reported in the year of payment as wage

20   income to the Participating Claimants on a Form W-2 and such other state or local tax

21   reporting forms as may be required by law.  Those payments allocated to all other claims,

22   including without limitation claims for penalties, reimbursement, interest, and other non-

23   wage recovery (a) shall not be subject to required withholdings and deductions, and so the

24   net amounts payable will be equal to the gross amounts; and (b) shall be reported in the year

25   of payment as non-wage income to the Participating Claimants on a Form 1099 or Form W-2

26   and such other state or local tax reporting forms as may be required by law.  Other than as set

27   forth above, neither CITI nor the Claims Administrator will, unless otherwise required by

28

20

Exhibit   *1*   Page  *23*

law, make, from the payment to each Participating Claimant, any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Order of Final Approval by the Court shall be deemed authority not to make such deductions, withholdings, or additional payments.   Any amount paid to Participating Claimants shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by CITI.

2.4.2   Other than the withholding and reporting requirements set forth in Section 2.4.1, Participating Claimants are solely responsible for the reporting and payment of the employee's share of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Section VI of this Stipulation.   CITI acknowledges that it will be responsible for paying the employer's share of any applicable payroll taxes.   CITI makes no representations and it is understood and agreed that CITI has made no representations as to the taxability to any Participating Claimants of any portions of the settlement payments, the payment of any costs or an award of attorneys' fees, or any payments to the Class Representatives.   The Notice of Class Action and Pending Settlement will advise each Class Member to seek his or her own personal tax advice prior to acting in response to that Class Notice, and CITI, the Class Representatives and Class Counsel agree that each Class Member will have an adequate opportunity to seek tax advice prior to acting in response to the notice.

2.5.   *Court Approval of Class Notice*

2.5.1   The Class Representatives and CITI, through their counsel of record in the Litigation, shall file this Stipulation with the Court and jointly move for preliminary approval of this Stipulation and Settlement Agreement.   Via this submission and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order approving the terms of this Stipulation, certify a class and

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit ___1___ Page ___24___

collective action for settlement purposes as provided in Section 2.1.1, and schedule the Settlement Hearing for the purposes of determining the fairness with regard to the Settlement, granting final approval of the Settlement, granting final approval of this Stipulation, and entering Judgment.

2.5.2   Subject to Court availability, the Class Representatives and CITI shall endeavor to notice the joint motion for entry of the Preliminary Approval Order described in Section 2.5.1 as soon as possible.   A decision by the Court not to enter the Preliminary Approval Order in its entirety, excluding changes to formatting of documents or typographical errors, will be grounds for CITI to terminate the Settlement and the terms of this Stipulation within twenty-one (21) days of receipt of the Court's decision.

2.5.3   If the Court enters the Preliminary Approval Order after June 30, 2008, Class Counsel and counsel for CITI shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation, if necessary. In the event that the Settling Parties fail to reach such agreement, any of the Settling Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

2.5.4   If the Court enters the Preliminary Approval Order, then at the resulting Final Approval Hearing, the Class Representatives and CITI, through their counsel of record, shall address any written objections from Class Members or concerns from Class Members who attend the hearing, if any, as well as concerns, if any, of any state official who receives a notice pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and Settlement Agreement and entry of the Judgment by the Court.

2.6.   *Notice of Class Action and Pending Settlement*

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit___1___ Page 25

2.6.1   CITI shall provide to the Claims Administrator no later than thirty days after the Preliminary Approval Date a complete list reflecting the following information in secure electronic format, *i.e.*, password encrypted Excel spreadsheet or some other secure format acceptable to the Claims Administrator for its immediate use, for each Class Member: a) the name and Last Known Address, b) social security number, c) number of months worked during the Class Period,  and d) the total months worked by the Class Members during the Class Period ("Class Data List").  Following receipt of the Class Data List, the Claims Administrator will process the Notice Packet for mailing to all members of the Class.

2.6.2   If, by entering the Preliminary Approval Order, the Court provides authorization to send the Notice of Class Action and Pending Settlement, CITI, through the Claims Administrator, will facilitate the mailing of the Notice Packet to all Class Members at their Last Known Addresses.  This Notice Packet shall be mailed by first-class mail through the United States Postal Service, postage pre-paid.

2.6.3   This Notice Packet and its envelope or covering shall be marked to denote the return address of the Claims Administrator and shall include the words "Important Legal Document" on its exterior.

2.6.4   Prior to mailing the Notice Packet to each Class Member, the Claims Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address of each Class Member.   To the extent this process yields an Updated Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

2.6.5   Part of the fees paid to the Claims Administrator by CITI shall include but not be limited to all costs of the mailing described in Section 2.6.2, which shall be the fees charged by the Claims Administrator, the cost of the envelopes in which the Class Notice will be mailed, the cost of reproducing the Class Notice, and the cost of postage to send the Class Notice.  The following Forms will be included with the Class Notice in this

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit____**1**____Page__**26**

1  mailing:  Settlement Claim Certification Form (Form A), and Consent to Join Settlement

2  Form (Form B).  The Class Representatives acknowledge that CITI's agreement to pay the

3  claims administration and mailing costs out of the Maximum Settlement Amount constitutes

4  part of the consideration to the Class.

5          2.6.6   Unless the Claims Administrator receives a Notice Packet returned from

6  the United States Postal Service for reasons discussed below in this Section, that Notice

7  Packet shall be deemed mailed and received by the Class Member to whom it was sent.  In

8  the event that subsequent to the first mailing of a Notice of Class Action and Pending

9  Settlement and prior to the Claims Period Deadline, that Notice is returned to the Claims

10  Administrator by the United States Postal Service with a forwarding address for the

11  recipient, the Claims Administrator shall re-mail the Notice to that address, the Notice will

12  be deemed mailed as of that date, and the forwarding address shall be deemed the Updated

13  Address for that Class Member.  In the event that subsequent to the first mailing of a Notice

14  Packet and at least fourteen (14) days prior to the Claims Period Deadline, that Notice is

15  returned to the Claims Administrator by the United States Postal Service because the address

16  of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the

17  Claims Administrator shall perform a standard skip trace in an effort to attempt to ascertain

18  the current address of the particular Class Member in question and, if such an address is

19  ascertained, the Claims Administrator will re-send the Notice immediately and within

20  fourteen (14) days of receiving such information; if no Updated Address is obtained for that

21  Class Member, the Notice Packet shall be sent again to the Last Known Address.  In either

22  event, the Notice of Class Action and Pending Settlement shall be deemed received when it

23  is mailed for the second time.

24          2.6.7 If thirty days after the Claims Administrator has mailed the Notice

25  Packets less than ten percent of the Class has returned completed Settlement Claim

26  Certification Forms and Consent to Join Settlement Forms, then the Claims Administrator

27

28

1   shall mail out a reminder postcard to any Class Members who have not returned a Settlement

2   Claim Certification Form, a Consent to Join Settlement Form or a Request for Exclusion.

3          2.6.8   Within ten (10) days following the filing of this Stipulation with the

4   Court, CITI shall serve upon the Attorney General of the United States and the Attorney

5   General of the State of California, as well as the Attorneys General of any other states in

6   which Class Members reside, a notice of the proposed Settlement in compliance with the

7   requirements of CAFA, 28 U.S.C. § 1715.  A copy of the CAFA Notice is attached as

8   Exhibit "E."

9          2.6.9   In addition, within ten days following the filing of this Stipulation with

10  the Court, Class Counsel shall provide written notice to the California Labor and Workforce

11  Development Agency of the proposed Settlement.

12      2.7.    *Requests for Exclusion*

13         2.7.1   Class Members have the option to retain their own attorney(s) in

14  connection with this Lawsuit at their own expense.  Class Members who choose this option

15  will be responsible for any attorneys' fees or costs incurred as a result of this election.  The

16  Notice of Class Action and Pending Settlement will advise Class Members of this option.

17         2.7.2   Class Members may elect to "opt out" of the Settlement Class and thus

18  exclude themselves from the Litigation and the Settlement Class.  Class Members who wish

19  to exercise this option must comply with the opt-out instructions contained in the Notice of

20  Class Action and Pending Settlement.   If the Claims Administrator does not receive a

21  properly submitted Request for Exclusion on or before sixty (60) days after the mailing of

22  the Notice Packet, then that Class Member will be deemed to have forever waived his or her

23  right to opt out of the Settlement Class.  Class Members who do not timely submit a Request

24  for Exclusion in accordance with the instructions contained in the Class Notice shall be

25  deemed Members of the Settlement Class.  Class Members who timely submit a Request for

26  Exclusion shall have no further role in the Litigation, and for all purposes they shall be

27  regarded as if they never were either a party to this Litigation or a Class Member, and thus

28

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit____**1**____Page___**28**

1  they shall not be entitled to any benefit as a result of this Litigation and shall not be entitled

2  to or permitted to assert an objection to the Settlement.

3        2.7.3   Class Members who do not opt out of the Settlement Class pursuant to

4  Section 2.7.2 may object to the Stipulation and Settlement Agreement by filing written

5  objections with the Court and mailing a copy of their written objections to Class Counsel,

6  counsel for CITI, and the Claims Administrator so as to be received no later than sixty (60)

7  days after the mailing of the Notice Packet.  The Class Notice shall advise Class Members of

8  this option.   The Claims Administrator shall immediately provide any such objections to

9  counsel of record.

10        2.7.4   Class Members who do not opt out of the Settlement Class pursuant to

11  Section 2.7.2 may elect to become Participating Claimants.   Class Members who wish to

12  exercise this option and certify their entitlement to payment under the Settlement must fully

13  and timely complete, execute, and mail, per the instructions therein, both of the following

14  forms:   (a) the form entitled "Consent to Join Settlement Form" attached to the Notice of

15  Class Action and Pending Settlement as Form B, and (b) the form entitled "Settlement Claim

16  Certification Form" attached to the Notice of Class Action and Pending Settlement as Form

17  A.   The Settlement Claim Certification Form will require each Participating Claimant to

18  represent that he or she worked overtime while in a Covered Position during the Covered

19  Period.   The Settlement Claim Certification Form will also require each Participating

20  Claimant to certify or dispute the accuracy of CITI's calculation of the number of months

21  that the Participating Claimant worked in a Covered Position during the Covered Period.  If

22  the Claims Administrator does not receive within seventy (70) days of mailing the Notice

23  Packet both a timely and properly executed Settlement Claim Certification Form and a

24  completed and properly executed Consent to Join Settlement Form post-marked on or before

25  the Claims Period Deadline, then that Class Member will be deemed to have forever waived

26  his or her right to be a Participating Claimant and receive payment under this settlement.

27  However, as long as they do not properly submit Requests for Exclusion, Class Members

28

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit ___1___ Page ___29___

shall be deemed Members of the Settlement Class and shall be subject to the Judgment even if they do not submit a Settlement Claim Certification Form or a Consent to Join Settlement Form in a timely and proper fashion. Class Members who submit unsigned Requests for Exclusion, Settlement Claim Certification Forms, or Consent to Join Settlement Forms shall be sent a cure letter in a form similar to that attached as Exhibit "F" by the Claims Administrator, seeking clarification of whether they intend to opt out of the Settlement Class or become a Participating Claimant. Absent a response to the contrary, these Class Members will be considered part of the Settlement Class, but will not become Participating Claimants. Only Participating Claimants shall be entitled to payment pursuant to this Settlement and the Judgment.

2.7.5   Class Members who submit a Request for Exclusion and also submit either a Settlement Claim Certification Form and/or a Consent To Join Settlement Form shall be sent a cure letter in a form similar to that attached as Exhibit "G" by the Claims Administrator, seeking clarification of whether they intend to opt out of the Settlement Class or become a Participating Claimant. Absent a response to the contrary, such Class Members will be deemed to be Participating Claimants.

2.7.6   Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must fully complete, execute, and mail, per the instructions therein, the Change of Address Section contained in the Class Notice. The address provided shall be the "Updated Address" for any such Class Member. Class Members who wish to change the name listed on the envelope in which the Class Notice was first mailed to them must also enclose a photocopy of their valid driver's license or other valid form of government-issued picture identification (*e.g.*, passport).

2.7.7   Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representatives and CITI shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment). The Settling Parties shall

1  make all reasonable efforts to secure entry of the Order of Final Approval.  If the Court
2  rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the
3  Judgment, this Stipulation shall be void *ab initio*, and CITI shall have no obligations to make
4  any payments under the Stipulation, except for Administrative Costs already incurred by the
5  Claims Administrator.

6         2.7.8   Within sixty (60) days of and only after the Effective Date, the Claims
7  Administrator shall mail to each Participating Claimant at his or her Last Known Address, or
8  Updated Address if obtained, his or her individual payment pursuant to Section 2.2 and in
9  accordance with the terms of Section 2.2, less the employee's share of relevant withholdings.

10         2.7.9   Checks issued to Participating Claimants pursuant to this Agreement
11  shall remain negotiable for a period of one hundred-eighty (180) days from the date of
12  mailing.   The funds associated with any checks not properly or timely negotiated shall
13  remain the property of CITI and shall not be paid to any Person other than CITI, except that
14  if a Class Member demonstrates to the satisfaction of counsel for CITI and Class Counsel
15  that he or she had a reasonable excuse for failing to negotiate the check within 180 days,
16  CITI, itself, or through the Claims Administrator, shall reissue the check, which shall
17  become void if thereafter not negotiated within 30 days.  The Settling Parties hereby agree
18  that such funds represent settlement payments for matters disputed in good faith, not
19  uncontested wage payments, and they shall not be subject to escheat rules, *cy pres,* or other
20  distribution not provided for in this Stipulation.  Participating Claimants who fail to negotiate
21  their check(s) in a timely fashion shall, like all Settlement Class Members, remain subject to
22  the terms of the Judgment.

23         2.7.10    Following the mailing of the payments to Participating Claimants
24  discussed in Section 2.2.1, the Claims Administrator shall provide counsel for the parties
25  with a written confirmation of this mailing.  Upon receipt of this confirmation, Class Counsel
26  will file a notice or acknowledgement of satisfaction of judgment with the Court in the
27  Litigation on behalf of the Settlement Class.

28

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit __1__  Page __31__

2.8.   *Releases*

2.8.1   Upon the Effective Date, the Class Representatives and each of the Settlement Class Members, including all Participating Claimants, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released State Law Claims.

2.8.2   In addition, upon the Effective Date, the Class Representatives and each of the Participating Claimants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released Federal Law Claims.

2.9.   *Payment of Costs and Attorneys' Fees to the Class Representatives*

2.9.1   Not more than twenty (20) days after the Effective Date, and only if the Effective Date occurs, subject to Court approval, CITI will pay Class Counsel an amount allowed by the Court not to exceed $2,100,000 for all attorneys' fees, and up to $25,000 for all Litigation costs and expenses.   Payments made per this Section shall constitute full satisfaction of any claim for fees or costs, and the Class Representatives and Class Counsel, on behalf of themselves and all Settlement Class Members, agree that they shall not seek nor be entitled to any additional attorneys' fees or costs under any theory.   The Class Representatives and Class Counsel agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit, as appropriate, the necessary materials to justify this payment along with the Settling Parties' joint motion for preliminary approval of the Stipulation pursuant to Section 2.5.1.   Provided it is consistent with this Stipulation, CITI will not oppose the amount of fees or costs requested by Class Counsel.   In the event that the Court (or any appellate court) awards less than the amount requested for attorneys' fees and/or costs, or less than the amount requested for Enhancement payments for Class Representatives as set forth in Section 2.9.2, only the awarded amounts shall be paid and shall constitute satisfaction of the obligations of this Section and full payment thereunder, and any remaining or unawarded portion of the

Exhibit   **1**   Page **32**

requested fee, cost, and/or Enhancement awards shall remain the property of CITI. If the Effective Date occurs, CITI shall wire each Class Counsel law firm its allocated portion of the total payment amount set forth in this Section.  Class Counsel shall provide counsel for CITI with the pertinent taxpayer identification numbers and instructions on the total amount of the payment to be allocated to each law firm serving as Class Counsel for wiring and reporting purposes.   Other than any reporting of this fee payment as required by this Stipulation or law, which CITI shall make, Class Counsel, the Class Representatives, and any other Class Members who have received Enhancements shall alone be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment that they have received pursuant to this Section.

2.9.2  Not more than twenty (20) days after the Effective Date, and only in the event that the Effective Date occurs, CITI, through the Claims Administrator, will forward two separate checks payable to both Linda Burke and Linda Giusti-Mangiameli, in their personal capacity only and via their counsel of record.  The first such check to each of them shall be an individual payment as a Participating Claimant, pursuant to Section 2.2.1.  The second such check shall be compensation and consideration of an amount approved by the Court not to exceed twenty-five thousand dollars ($25,000) each as an Enhancement payment for the efforts of the Class Representatives in the Litigation.   Each Class Representative shall be required to sign a full, general, and comprehensive release of the Class Representative's Released Claims set forth in Section 1.10.  Through this Stipulation, Linda Burke and Linda Giusti-Mangiameli both agree to be a Member of the Settlement Class and a Participating Claimant subject to the Judgment, and in light of this agreement, it shall not be necessary for them to complete a Consent to Join Settlement Form or Settlement Claim Certification Form, unless they should dispute the information pertaining to the months that they worked in a Covered Position.  The Settling Parties agree that CITI, through the Claims Administrator, shall report the Enhancement payment as non-wage income in the year of payment, and that CITI, through the Claims Administrator, will report

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit    *1*    Page  *33*

1   the payment of both Class Representatives' individual payments pursuant to Section 2.2

2   according to the terms of this Agreement, and with the understanding that both Class

3   Representatives will be deemed to have submitted a valid claim.  Other than the reporting

4   and withholding set forth in this Section, and with the exception of the employer's share of

5   any federal and state taxes, both Class Representatives shall be responsible for the reporting

6   and payment of any federal, state, and/or local income or other form of tax on any payment

7   made to him or her pursuant to this Section.

8       2.9.3   CITI shall have no responsibility for, and no liability whatsoever with

9   respect to, the allocation among the Class Representatives, Class Counsel, and/or any other

10  Person who may assert some claim thereto, of any award or payment issued or made in the

11  Litigation or pursuant to this Stipulation, including, but not limited to, any award or payment

12  pursuant to Section 2.2.1 or Section 2.9.

13      2.9.4   If the Effective Date does not occur, neither the Class Representatives

14  nor Class Counsel shall have any responsibility or obligation for the payment of costs the

15  Claims Administrator incurred in the Litigation and its settlement, including the cost of

16  mailing the Notice.  If the Court rejects the Stipulation, or fails to enter the Order of Final

17  Judgment and Dismissal, this Stipulation shall be void *ab initio,* and CITI shall have no

18  obligations to make any payments under the Stipulation, except for Administrative Costs

19  already incurred by the Claims Administrator.

20  2.10.   *Claims Administrator*

21      2.10.1 The fees and expenses reasonably incurred by the Claims Administrator

22  as a result of procedures and processes expressly required by this Stipulation, estimated to be

23  $50,000, shall be deducted from the Maximum Settlement Amount.  The Class

24  Representatives and Class Counsel shall have no responsibility for such fees or expenses.  In

25  no event will the fees and expenses incurred by the Claims Administrator cause CITI's total

26  payments to exceed the Maximum Settlement Amount.

27

28

31

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit _1_ Page _34_

1           2.10.2 The actions of the Claims Administrator shall be governed by the terms

2    of this Stipulation.  CITI may engage in communications with the Claims Administrator and

3    make payment to the Claims Administrator for its services and engage in related

4    communications with the Claims Administrator without notice or copies to Class Counsel,

5    any Class Members, or the Court.  Class Counsel may provide relevant information needed

6    by the Claims Administrator per this Stipulation and engage in related communications with

7    the Claims Administrator, with notice and copies to CITI.  Notwithstanding, to the extent

8    any disputes arise in the Stipulation's administration or regarding a Class Member's claims,

9    the Parties' counsel may communicate with the Claims Administrator and vice versa in a

10   good faith effort to resolve the disputes.

11          2.10.3 In the event that either CITI or Class Counsel take the position that the

12   Claims Administrator is not acting in accordance with the terms of the Stipulation, such

13   party shall meet and confer first with opposing counsel and, if necessary, with the Claims

14   Administrator or the Court.

15       2.11.   *Termination of Settlement*

16          2.11.1 In the event that the Stipulation is not approved in its entirety by the

17   Court, excluding changes to formatting, fixing typographical errors therein, or in the event

18   that the settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails

19   to become effective in accordance with its terms, or if the Judgment does not become a Final

20   Judgment, or if the Effective Date does not occur, no payments shall be made by CITI or the

21   Claims Administrator to anyone in accordance with the terms of this Stipulation except for

22   Administrative Costs already incurred by the Claims Administrator, the Settling Parties will

23   bear their own costs and fees with regard to the efforts to obtain Court approval, and the

24   Class Representatives shall dismiss without prejudice the Consolidated Action.  In such

25   event, this Stipulation (except for those provisions relating to non-admission and denial of

26   liability set forth in Sections I, IV, 2.12.4, 2.12.5, and this Section 2.11) shall be deemed null

27   and void, its terms and provisions shall have no further force and effect with respect to the

28

Exhibit____*1*____Page____**35**

1  Settling Parties and shall not be used in this Litigation or in any other proceeding for any

2  purpose, and any Judgment or order entered by the Court in accordance with the terms of the

3  Stipulation shall be treated as vacated, *nunc pro tunc*.  In any such event, if the class or

4  collective action described in Section 2.1.1 has already been certified for settlement

5  purposes, the Parties will jointly move, as soon as possible, to decertify the class and/or

6  collective action, and the Court shall issue an order decertifying the class or collective action.

7  Notwithstanding any other provision of this Stipulation, no order of the Court, or

8  modification or reversal on appeal of any order of the Court, reducing the amount of any

9  attorneys' fees or costs to be paid by CITI to Class Counsel or reducing the amount of any

10  entitlement paid to the Class Representatives or other key Class Members shall constitute

11  grounds for cancellation or termination of the Stipulation or grounds for limiting any other

12  provision of the Judgment.

13          2.11.2     CITI shall have the absolute discretionary right to terminate this

14  Settlement Agreement and Stipulation in the event that any of the following conditions

15  occur:

16          2.11.2.1     In the event that five percent (5%) or more of all Class

17  Members request exclusion (opt out) from the Settlement Class by submitting Requests for

18  Exclusion pursuant to Section 2.7.2.

19          2.11.2.2     In the event that the Stipulation is construed in such a

20  fashion that would require CITI to pay more than the Maximum Settlement Amount.

21          2.11.2.3     In the event that the Court does not certify, for settlement

22  purposes, a class action and collective action consistent with Section 2.1.1 or otherwise

23  makes an order materially inconsistent with any of the terms of this Stipulation.

24          2.11.2.4     In the event that any court, prior to the Court's Order of

25  Final Approval, whether on a conditional basis or not, certifies a class or collective action

26  that involves any claim included in the Released State Law Claims, Released Federal Law

27  Claims, or Class Representatives' Released Claims set forth, respectively, in Sections 1.38,

28

1    1.39, and 1.10.   CITI's counsel presently is not aware of any other Court imminently

2    certifying a class or collective action involving any such claims.

3              2.11.2.5      In the event that there are any material changes to this

4    Stipulation not approved by CITI.

5              2.11.3    To the extent CITI chooses to exercise the option established in

6    Section 2.11.2 and its subsections, it must do so through written notice to Class Counsel

7    prior to the Order of Final Approval.

8         2.12.   *Miscellaneous Provisions*

9              2.12.1    The only Class Members, other than the Class Representatives,

10   entitled to any payment under this Stipulation and the associated Judgment are Participating

11   Claimants, and they shall be entitled to their individual payments pursuant to Section 2.2

12   only.  This Stipulation and the associated Judgment do not and will not create any unpaid

13   residue or unpaid residual, and no distribution of such shall be required.  The provisions of

14   California Code of Civil Procedure Section 384 do not apply to this action or this Stipulation,

15   and a holding to the contrary will be a ground for CITI to void the settlement.  Those parts of

16   the Maximum Settlement Amount that are not claimed shall remain the property of CITI, and

17   any holding to the contrary will be a ground for CITI to void the settlement.

18             2.12.2    CITI's sole obligations to Class Counsel and the Claims

19   Administrator are set forth in this Stipulation.  Class Counsel shall hold CITI harmless for an

20   award of fees or costs beyond those made in accordance with the Stipulation and shall not

21   seek to recover any fees or costs awarded in excess of the terms in this Stipulation.

22             2.12.3    The Settling Parties (a) acknowledge that it is their intent to

23   consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably

24   necessary to effect and implement all terms and conditions of the Stipulation and to exercise

25   their best efforts to accomplish the foregoing terms and conditions of the Stipulation,

26   including but not limited to obtaining the dismissal, transfer to the Court, or stay of any

27   pending or subsequently-filed class or collective action lawsuit that alleges any of the

28

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit____*1*____Page___*37*___

Released State Law Claims and/or Released Federal Law Claims set forth in Sections 1.38 and 1.39, respectively, of this Stipulation.

2.12.4    The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or any potential defense.  The Settling Parties agree that the amounts paid in settlement and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.12.5    CITI specifically and generally denies any and all liability or wrongdoing of any sort with regard to any of the claims asserted in the Litigation and makes no concessions or admissions of liability of any sort.   Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement:   (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the CITI Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the CITI Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.  The Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that CITI could not contest (or is estopped from contesting) class or collective action certification on any grounds in the Litigation or in any other lawsuit if the Court fails to enter the Order of Final Approval; this Stipulation shall not be deemed an admission by, or ground for estoppel in the Litigation or in any other lawsuit against, CITI that class or collective action certification in the Litigation is proper or cannot be contested on any grounds.

2.12.6    All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit____1____Page___38

2.12.7    The Stipulation may be amended or modified only by a written instrument signed by authorized representatives of all Settling Parties or their respective successors-in-interest.

2.12.8    The Stipulation constitutes the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

2.12.9    Class Counsel, on behalf of the Class, represent that, after consultation with and approval by all of the Class Representatives, they are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate. Similarly, CITI's Counsel represents that it is expressly authorized to take all appropriate action required or permitted to be taken by CITI pursuant to the Stipulation to effect its terms, and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of CITI which it deems appropriate.

2.12.10    Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

2.12.11    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

2.12.12    Whenever this Stipulation requires or contemplates that one party, the Court or the Claims Administrator shall or may give notice to another, notice shall be

1  provided by facsimile and/or next-day (excluding Sunday) express delivery service as
2  follows:
3      (i) If to CITI, then to both:
4
5             Sam S. Shaulson, Esq.
           Morgan Lewis & Bockius LLP
6             101 Park Avenue
           New York, New York  10178
7             Tel: (212) 309-6000
           Fax: (212) 309-6273
8
9             Daryl S. Landy, Esq.
           Morgan, Lewis & Bockius LLP
10             Two Palo Alto Square
           3000 El Camino Real, Suite 700
11             Palo Alto, California  94306
12             Tel: (650) 843-4000
           Fax:  650-843-4001
13
14
15      (ii)  If to Class Representatives, then to:
16
17             Timothy D. Cohelan, Esq.
           Isam C. Khoury, Esq.
18             Michael D. Singer, Esq.
           Diana M. Khoury, Esq.
19             Cohelan & Khoury
20             605 C Street, Suite 200
           San Diego, CA 92101-5305
21             Tel: 619-595-3001
           Fax: 619-595-3000
22
23             Michael J. Procopio, Esq.
           Jill S. Kramer, Esq.
24             Law Offices of Michael J. Procopio
           2677 N. Miami Street, Suite 860
25             Santa Ana, CA 92705
26             Tel: 714-541-1550
           Fax: 714-541-1770
27
28

37

Exhibit __1__ Page __40__

H. Tim Hoffman, Esq.
Arthur W. Lazear, Esq.
Morgan M. Mack, Esq.
Hoffman & Lazear
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Tel: 510-763-5700
Fax: 510-835-1311

Mark R. Thierman, Esq.
Thierman Law Firm
7287 Lakeside Drive, Suite 101
Reno, NV 89511
Tel: 877-995-2267
Fax: 775-703-5027

2.12.13    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Stipulation is not designed to and does not create any third-party beneficiaries either express or implied.

2.12.14    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

2.12.15    This Stipulation and the exhibits hereto represent the entire agreement.  CITI's complete obligations are detailed herein, and the Settling Parties agree and understand that there shall be no injunctive relief included as part of any Court Order as to them.

2.12.16    The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of California without giving effect to that State's choice of law principles.

38
STIPULATION AND SETTLEMENT AGREEMENT

Exhibit___1___ Page__41

2.12.17    The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Stipulation. The parties acknowledge that the terms of the Stipulation are contractual and are the product of arm's length negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any party and the canon of contract interpretation set forth in California Civil Code § 1654 shall not be applied.

2.12.18    Other than necessary disclosures made to a court, the Class Representatives, CITI, and their respective counsel agree to keep the fact of settlement, this Stipulation and any attached documents, and their settlement negotiations confidential and will not disclose that information to any third party (including the press). The Class Representatives and their counsel specifically agree that they shall not hold press conferences or otherwise contact the media, including, but not limited to, television, radio or newspapers. If asked about the Settlement, the Class Representatives and their counsel shall decline to comment, or, at most, shall respond that there was a dispute regarding the classification of the employees and the dispute was resolved on a mutually agreeable and reasonable basis. The Class Representatives and their counsel further agree that they shall not use the Settlement or CITI's name in any marketing materials or on any websites, or on any other materials not in connection with this case.

2.13.  *Return of All Documents and Other Discovery*

2.13.1    Within sixty days (60) after the Effective Date, the Class Representatives and Class Counsel shall return to CITI all originals and duplicate copies of materials produced or obtained from CITI during the Litigation or the Mediation by formal or informal discovery. This provision includes all documents CITI provided to the Class Representatives or Class Counsel by initial disclosures, formal discovery, or informal discovery including all settlement discussions. This shall include, but not be limited to,

1  business records, proprietary information, compensation information, or any other
2  documents, materials, summaries, or notes dealing with or in any way related to the claims
3  asserted.

4       2.13.2    No produced materials shall be offered for sale or distributed to any
5  person or entity by any Class Representative or Class Counsel.  All originals or
6  reproductions of any produced materials provided to any party, expert, consultant, or other
7  Person shall be retrieved by Class Counsel and returned to CITI, and all parties receiving
8  such documents shall certify within sixty days (60) of the Effective Date that they have
9  returned all such documents or information and all copies thereof.

10       2.13.3    This provision and the provisions of Sections 2.13.1 and 2.13.2 are
11  not intended to cover work product produced by Class Counsel, but are intended to cover any
12  documents or other materials described herein that are attached to any work product and all
13  such documents or materials attached to work product shall be returned to CITI.  All such
14  documents, information or materials incorporated into any work product shall be excised.

15       IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be
16  executed.

17  Date:  April 4, 2008                    Respectfully submitted,

18

19                                     /s/    Daryl S. Landy
                                    _____
20                                     Daryl S. Landy
                                    Morgan Lewis & Bockius LLP
21                                     2 Palo Alto Square
                                    3000 El Camino Real, Suite 700
22                                     Palo Alto, CA 94306
                                    (650) 843-4000
23
24                                     Attorneys for Defendants
                                    Citigroup Inc. and CitiMortgage, Inc.
25

26

27

28

STIPULATION AND SETTLEMENT AGREEMENT

Exhibit    1    Page    43

HOFFMAN & LAZEAR
COHELAN & KHOURY
LAW OFFICES OF MICHAEL J. PROCOPIO
THIERMAN LAW FIRM


Date:  April 4, 2008                          /s/    Arthur W. Lazear
                                         Arthur W. Lazear
                                         Attorneys for Plaintiffs
                                         Linda Burke and Linda Giusti-Mangiameli,
                                         individually and on behalf of all others similarly
                                         situated


Date:  April 4, 2008                          /s/    Linda Burke
                                         Linda Burke


Date:  April 4, 2008                          /s/    Linda Giusti-Mangiameli
                                         Linda Giusti-Mangiameli

41
STIPULATION AND SETTLEMENT AGREEMENT

Exhibit    1    Page    44