1 | *COUNSEL LISTED ON NEXT PAGE*
2
3
4
5
6
7
8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| LINDA BURKE and LINDA GIUSTI-MANGIAMELI, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC., and CITIGROUP INC.,,<br><br>Defendants. | Case No. 06-CV-7550 ABC (PJXx)<br><br>**NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       October 6, 2008<br>Time:      10:00 a.m.<br>Ct. Room:  680<br><br>**The Honorable Audrey B. Collins** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

| | |
|---|---|
| 1 | COHELAN & KHOURY |
| 2 | Timothy D. Cohelan, Esq., SBN 60827 |
|   | Isam C. Khoury, Esq., SBN 58759 |
| 3 | Michael D. Singer, Esq., SBN 115301 |
| 4 | Diana M. Khoury, Esq., SBN 128643 |
|   | 605 C Street, Suite 200 |
| 5 | San Diego, CA 92101-5305 |
| 6 | Telephone: (619) 595-3001 |
|   | Facsimile: (619) 595-3000 |
| 7 | |
| 8 | Michael J. Procopio, Esq. SBN 137318 |
| 9 | Jill S. Kramer, Esq., SBN 172229 |
|   | LAW OFFICES OF MICHAEL J. PROCOPIO |
| 10 | 2677 N. Miami Street, Suite 860 |
| 11 | Santa Ana, CA 92705 |
|    | Tel: 714-541-1550 |
| 12 | Fax: 714-541-1770 |
| 13 | |
|    | Tim Hoffman, Esq., SBN 49141 |
| 14 | Arthur W. Lazear, SBN 83603 |
| 15 | Morgan M. Mack, SBN 212659 |
|    | HOFFMAN & LAZEAR |
| 16 | 180 Grand Avenue, Suite 1550 |
| 17 | Oakland, CA 94612 |
|    | Tel: 510-763-5700 |
| 18 | Fax: 510-835-1311 |
| 19 | |
|    | Mark R. Thierman, Esq., SBN 72913 |
| 20 | THIERMAN LAW FIRM |
| 21 | 7287 Lakeside Drive, Suite 101 |
|    | Reno, NV 89511 |
| 22 | Tel: 877-995-2267 |
|    | Fax: 775-703-5027 |
| 23 | |
| 24 | Attorneys for Plaintiffs LINDA BURKE and |
|    | LINDA GIUSTI-MANGIAMELI, |
| 25 | on behalf of themselves and all others similarly situated |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3

1

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

Daryl S. Landy, State Bar No. 136288
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001

Sam S. Shaulson, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY  10178-0060
Tel:  212-309-6718
Fax:  212-309-6273

Sarah E. Bouchard, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Tel:  215-963-5077
Fax:  215-963-5001
*Admitted pro hac vice*

Attorneys for Defendants
CITIMORTGAGE, INC. and CITIGROUP INC.

TO THE COURT AND ALL INTERESTED PARTIES:

    PLEASE TAKE NOTICE THAT on October 6, 2008 at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 680 of this Court, the Honorable Judge Audrey B. Collins Presiding, Plaintiffs Linda Burke and Linda Giusti-Mangiameli (herein "Class Representatives"), and Defendants CitiMortgage, Inc. and Citigroup Inc. (herein "Citi"), will and hereby do jointly and respectfully move the Court to provide final approval of the proposed class and collective action settlement.  Specifically, the parties jointly and respectfully request that the Court

1  (a) grant final approval of the proposed class and collective action settlement; and
2  (b) enter the proposed Judgment.  This joint motion is brought on the grounds that
3  the settlement and its terms are fair, reasonable and adequate to the Class.  This
4  joint motion is based upon this Notice of Motion and Memorandum of Points and
5  Authorities in Support Thereof; the supporting Declarations of H. Tim Hoffman,
6  Amanda J. Myette and Angeli Murthy; all papers previously filed in support of the
7  Joint Motion for Preliminary Approval, including but not limited to the Stipulation
8  and Settlement Agreement; the arguments of counsel; the complete files and
9  records in this consolidated action; and any additional matters the Court may
10  consider.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB2/20843306.3

2

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO.  06-CV-7550 ABC (PJXX)

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1
INTRODUCTION .................................................................................................. 1
PROCEDURAL BACKGROUND ....................................................................... 1
    A.    The Proposed Settlement. ................................................................... 3
    B.    Notice of the Settlement to the California Labor and Workforce Development Agency .......................................................................... 4
    C.    Notice of the Settlement to the Attorney General and Appropriate State Officials ...................................................................................... 5
    D.    Notice of Settlement to the Class ....................................................... 5
    E.    Class Participation in the Settlement ................................................. 6
ARGUMENT ......................................................................................................... 7
    A.    Class Action Settlements are Subject to Court Review and Approval Under the Federal Rules of Civil Procedure ....................... 7
    B.    The Settlement Is Fair, Adequate and Reasonable ............................ 7
CONCLUSION ..................................................................................................... 10

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3

i

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

# TABLE OF AUTHORITIES

**Cases**

Boyd v. Bechtel Corp.,
 485 F. Supp. 610, 617 (N.D. Cal. 1979) ..............................................................................8, 9

Brinker Restaurant Corp. v. Superior Court,
 2008 WL 2806613 (7/22/08) ....................................................................................................10

Dunk v. Ford Motor Co (1996)
 48 Cal. App.4th, 1794, 1802 ....................................................................................................8

Ellis v. Naval Air Rework Facility,
 87 F.R.D. 15, 18 (N.D.Cal. 1980),
 affd. 661 F.2d 939 (9th Cir. 1981) ..........................................................................................9

Fisher Bros. v. Cambridge Lee Industries, Inc.,
 630 F. Supp. 482, 488 (ED.Pa. 1985) ....................................................................................9

Harrington v. Home Loan Funding, Inc.,
 No. CV 06-6763 (C.D. Cal. 3/28/08) ....................................................................................9

Hein v. PNC Financial Services Group, Inc.,
 511 F. Supp. 2d 563, 575 (E.D. Pa. 2007) ..........................................................................10

In re Beef Industry Antitrust Litigation,
 607 F. 2d 167, 179 (5th Cir. 1979),
 cert. den. sub nom, Iowa Beef Processors, Inc. v. Meat Price Investigators Ass'n,
 452 U.S. 905 (1981) ................................................................................................................7

Jamison v. Butcher & Sherrerd,
 68 F.R.D. 479, 481 (E. D. Pa. 1975) ......................................................................................8

Mexican Workers v. Arizona Citrus Growers,
 904 F.2d 1301 (9th Cir. 1990) ................................................................................................3

Officers for Justice v. Civil Serv. Comm'n. of the City and County of San
 Francisco (9th Cir. 1982)
 688 F. 2d 615, 625, cert. denied (1983) 459 U.S. 1217 ......................................................7

Staton v. Boeing Co.,
 327 F. 938 (9th Cir. 2003) ........................................................................................................7

Trinh v. J.P. Morgan Chase & Co.,
 2008 U.S. Dist. LEXIS 33016, No. 07-CV-1666 (S.D. Cal. 4/22/08) ....................................9

**Statutes**

Federal Rule of Civil Procedure 23(e) ....................................................................................7

DB2/20843306.3

ii

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

**Other Authorities**

DOL Opinion Letter
    2006-43 (November 27, 2006)) ................................................................... 9

DOL Opinion Letter,
    FLSA 2006-11 (March 31, 2006) ............................................................... 9

DOL Opinion Letter,
    FLSA 2006-31 (September 8, 2006) ........................................................... 9

**Treatises**

Manual for Complex Litigation (4th ed. 2004)
    § 21.61 at 308 ............................................................................................. 7

Newberg & Conte, Newberg on Class Actions (4th ed. 2002)
    § 11.41 ........................................................................................................ 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3

iii

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In this joint motion, Plaintiffs Linda Giusti-Mangiameli and Linda Burke, individually and on behalf of the settlement class ("Plaintiffs"), on the one hand, and Citi, on the other hand (collectively, "the Parties"), seek final approval of a wage and hour class and collective action settlement of $8,400,000 for the benefit of the 895 current and former Citi employees whom Citi employed as Loan Officers/Lending Consultants and/or Junior Loan Officers/Junior Lending Consultants (collectively "Loan Consultants" or "LCs") in the State of California during the period April 18, 2002 through April 28, 2008 (the "Class Period").[1] The Settlement resolves the class and collective claims against the Defendants' for alleged (1) failure to pay overtime wages under federal and California law; (2) failure to provide the requisite meal and rest periods or compensation in lieu thereof under California law; (3) failure to reimburse business expenses; and (4) improper deductions from Loan Consultants' wages, as more fully described and discussed along with the Parties positions in the previously submitted Joint Motion for Preliminary Approval.[2]

## PROCEDURAL BACKGROUND

On April 18, 2006, Linda Giusti-Mangiameli commenced a purported class action against Citi in Alameda County Superior Court. On May 26, 2006, Citi removed the action to the United States District Court for the Northern District of California. Citi then moved to transfer the action to the United States District Court for the Central District of California. The Court granted Citi's motion on August 7,

---

[1] The Stipulation and Settlement Agreement ("Stipulation") defined the "Participating Claimants" as the class members who timely and properly submitted both a signed Consent to Join Settlement Form and a qualifying Settlement Claim Certification Form. Declaration of Isam Khoury filed April 4, 2008, Exh. 1.

[2] Document No. 25, filed April 4, 2008.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

DB2/20843306.3

1

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

2006, and the action was transferred, *Giusti-Mangiameli v. CitiMortgage, Inc., et al.*, C.D. Cal. Case No. CV 06-5135 ABC (PJWx) ("Giusti Action").

On August 22, 2006, Linda Burke commenced a purported class action against Citi in the United States District Court for the Southern District of California. The Parties then jointly moved to transfer that action to the Central District of California. The Court granted the joint motion on November 16, 2006, and the action was transferred, *Burke v. CitiMortgage, Inc.*, C.D. Cal Case No. CV 06-7550 DSF (FFMx) ("Burke Action"). On January 4, 2007, by general order of the Court, the Burke Action was assigned to the Honorable Judge Audrey B. Collins, Case No. CV 06-7550 ABC (PJWx).

After the Burke Action was transferred to the Central District of California, the Parties engaged in a series of arm's-length negotiations, which included a full day of mediation on April 16, 2007, in Boca Raton, Florida, which was facilitated by Mark Buckstein of Professional Dispute Resolutions, Inc. The mediator's extensive experience in labor and employment litigation assisted the Parties in reaching the conditional agreement presented here for final approval. As a result of this process, and subsequent extensive direct arm's-length negotiations between the Parties, the Parties reached a fair compromise and settlement as described in the previously filed and preliminarily approved Stipulation and Settlement Agreement. (Declaration of Isam C. Khoury, ("Khoury Decl.") Exhibit "1"; Declaration of H. Tim Hoffman, ¶ 13).

On April 2, 2008, Plaintiffs filed a First Amended and Consolidated Class and Collective Action Complaint. On April 28, 2008, this Court granted preliminary approval of the class and collective action settlement, certified the proposed class for settlement purposes only (the "Class"), and directed that the Notice of Class Action and Pending Settlement be mailed to all members of the Class. (Hoffman Decl., ¶ 22.)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3

2

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

### A. The Proposed Settlement.[3]

The settlement calls for a maximum settlement amount of up to $8,400,000. From this amount, attorneys' fees and costs, as described below, Class Representatives' enhancement payments, payment to the California Labor and Workforce Development Agency, and an estimated $36,625.40 in settlement administration fees and expenses to the claims administrator, Rust Consulting, Inc. ("Claims Administrator"), will be deducted. Stipulation, §§1.1, 1.23, 1.26. The Stipulation provides that Plaintiffs' attorneys may request, and Citi will not oppose, an amount allowed by the Court not to exceed $2,100,000 (25%) as payment in full for all attorneys' fees, which amount is consistent with the Ninth Circuit benchmark, and up to $25,000 for all allowable litigation costs and expenses. Stipulation §2.9.1. *See Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (holding that the benchmark attorneys' fee award in common fund cases is 25% of the fund). In addition, Plaintiffs' attorneys may request, and Citi will not oppose, enhancement payments not to exceed $25,000 each for both of the two Class Representatives for stepping forward in this matter, their service, and the risks undertaken to pay attorneys' fees and costs in the event of an unsuccessful outcome. Stipulation §2.9.2. Both Class Representatives have signed a full release of their Released Claims set forth in Section 1.10 of the Stipulation in exchange for receiving their Participating Claimant payment and enhancement payment. Stipulation §2.9.2. All of the fee and enhancement payments are subject to the Court's approval.

In addition to these deductions from the maximum settlement amount, approximately $54,000 will be paid to the California Labor Workforce Development Agency pursuant to the California Labor Code Private Attorneys General Act. Stipulation, §2.2.4.

---

[3] The proposed settlement and its terms are attached to the previously filed Declaration of Isam Khoury and are described in more detail in the previously filed Joint Motion for Preliminary Approval, Document No. 25, filed April 4, 2008, at pp. 14-18.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3

3

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

The remaining amount ("Net Settlement Amount" or "NSA"), $6,134,374.60, was made available to the Class Members upon the submission of a valid and timely Settlement Claim Certification Form and Consent to Join Settlement Form. Stipulation, §2.7.4. Each Participating Claimant will receive a proportional share of the Net Settlement Amount based on his or her total number of months worked as an LC in California during the Class Period, in relation to the total number of months worked by all members of the Class as LCs in California during the Class Period by dividing the number of months worked by the Participating Claimant as an LC in California during the Class Period by the total number of months worked by the Class as LCs in California during the Class Period, and multiplying this quotient by the Net Settlement Amount. Stipulation, §2.2.1. Based on this formula, the Class was informed via the Class Notice, among other documents as set forth below, that for each month worked as an LC in California during the Class Period, each could expect to receive a per month payment, upon the return of a valid and timely Settlement Claim Certification Form and Consent to Join Settlement Form. Declaration of Amanda J. Myette ("Myette Decl.," ¶ 6).

Of the 895 Class Members, 331 (37%) are Participating Claimants; based on their months worked for Citi in the LC position in California they are claiming nearly 46 percent of the available funds. These Participating Claimants will receive approximately $490 for each covered month worked during the Class Period, less taxes.

**B.   Notice of the Settlement to the California Labor and Workforce Development Agency.**

On or about April 18, 2008, Class Counsel provided written notice of the settlement to the California Labor and Workforce Development Agency ("the Agency"). (Hoffman Decl., ¶ 21, Exh. "1".) The Agency has not appeared in the action or otherwise responded to the notice of the settlement. (*Id.*)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3

4

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

### C. Notice of the Settlement to the Attorney General and Appropriate State Officials.

On April 14, 2008, Citi (through its counsel) provided written notice of the settlement to the Attorney General of the United States and the appropriate state official of each state in which any Class Member resided at the time according to Citi's records. (Declaration of Angeli Murthy, ¶ 2.) None of these officials have appeared in this action or otherwise responded to the notice of the settlement.

### D. Notice of Settlement to the Class.

On April 28, 2008, this Court granted preliminary approval of the class and collective action settlement, certified the Class for settlement purposes only, and directed that the Notice of Class Action and Pending Settlement be mailed to all members of the Class. (Hoffman Decl., ¶ 22.) Accordingly, after the Claims Administrator had processed and updated all addresses contained in the Class list using the National Change of Address Database maintained by the U.S. Postal Service, on or about June 12, 2008, the Claims Administrator mailed the Notice of Class Action and Pending Settlement ("Notice"), Settlement Claim Certification Form ("Claim Form") and Consent to Join Settlement Form ("Consent Form") (collectively "Notice Packet") to the 895 members of the Class. (Hoffman Decl., ¶ 23; Myette Decl., ¶ 9).

The Notice advised the Class of the pertinent terms of the proposed settlement, namely, the claims to be resolved by way of the settlement, the maximum settlement amount, and the proposed deductions for attorneys' fees, litigation costs, class representative enhancement, and claims administration expenses. (Myette Decl., ¶ 6, Exhibits "A" - Notice; "B" – Claim Form; and "C" – Consent Form.) The Notice also informed the Class of the basis upon which their payout would be calculated, the manner in which to submit a claim, to request exclusion, to object and/or to dispute the information upon which the Claims Administrator would rely to calculate his or her share of the settlement proceeds.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3

5

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

The Notice provided the names and contact information for Class Counsel, and further advised that should the Class members have questions, they could contact a Class Counsel attorney or the Claims Administrator by way of the "toll-free" telephone number provided in the Notice and Claim Form.  Lastly, the Notice also advised the Class of the deadlines within which to act: through August 11, 2008 (60 days after mailing of the Notice Packet) to submit a claim, request exclusion or file and serve an objection to the settlement. (*Id.*)  Claim Forms and Consent Forms post-marked by August 11 and received by August 21 were timely. (*Id.*)

In addition, on July 16, 2008 the Claims Administrator mailed a reminder post-card to all members of the Class who had not returned a Claim Form, Consent Form or a request for exclusion to remind them of their opportunity to claim their settlement payment and to remind them of the August 11, 2008 deadline.  The post-card also provided the Claims Administrator's toll-free telephone number and contact information. (Myette Decl., ¶ 12, Exh. D.)  The Claims Administrator also promptly performed address traces for all Notices returned as undeliverable and then re-mailed the Notices to the new addresses.  All but four of the re-mailed Notices were received. (Myette Decl., ¶ 11.)

### E. Class Participation in the Settlement.

Of the 895 Notice Packets mailed to the Class, there was a return of 331 claim forms, zero requests for exclusion, and zero objections filed. (Myette Decl., ¶¶ 13-15.)  These 331 Participating Claimants represent 37% of the Class; their total months worked represent almost 46% of all months worked by the Class during the Class Period. (Myette Decl., ¶¶ 9, 13, 18.)  With a pay rate of $490.01 for each month worked during the Class Period, these Participating Claimants have claimed $2,811,494.49, which is nearly 46% of the Net Settlement Amount available to them. (Myette Decl., ¶¶ 9, 18.)  Based thereon, the highest claim to be paid to a Participating Claimant is estimated at $34,300.70, while the average claim to be paid is estimated at $8,494.49. (Myette Decl., ¶ 20.)

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

DB2/20843306.3

6

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

# ARGUMENT

## A. Class Action Settlements are Subject to Court Review and Approval Under the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 23(e) provides that "[a] class action shall not be dismissed, settled, or compromised without the approval of the Court, and notice of the proposed dismissal, settlement or compromise shall be given as the Court directs." The Ninth Circuit has stated that in order to approve a final settlement in a class action, the district court must find that the proposed settlement is fundamentally fair, adequate, and reasonable. Rule 23(e)(1)(C); *Staton v. Boeing Co.*, 327 F. 938, 952 (9th Cir. 2003).

## B. The Settlement Is Fair, Adequate and Reasonable

This Court now must make a final determination whether the proposed settlement set forth in the Stipulation is fair, adequate and reasonable. Manual for Complex Litigation (4th ed. 2004) § 21.61 at 308, *Officers for Justice v. Civil Serv. Comm'n. of the City and County of San Francisco* (9th Cir. 1982) 688 F. 2d 615, 625, cert. denied (1983) 459 U.S. 1217. The trial court considers all relevant factors, such as "the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement." *Id.* Courts act within their discretion in approving settlements which are fair, not collusive, and take into account "all the normal perils of litigation as well as the additional uncertainties inherent in complex class actions." *In re Beef Industry Antitrust Litigation*, 607 F. 2d 167, 179 (5th Cir. 1979), *cert. den. sub nom, Iowa Beef Processors, Inc. v. Meat Price Investigators Ass'n,* 452 U.S. 905 (1981).

Where a settlement is reached on terms agreeable to all parties, a court

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB2/20843306.3

7

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

should disapprove of the settlement "only with considerable circumspection." *Jamison v. Butcher & Sherrerd*, 68 F.R.D. 479, 481 (E. D. Pa. 1975).

A proposed class action settlement is *presumed* fair under the following circumstances: (1) the parties reached settlement after arm's-length negotiations; (2) investigation and discovery were sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small. (*Dunk v. Ford Motor Co* (1996) 48 Cal. App.4th, 1794, 1802; see also, *Newberg & Conte, Newberg on Class Actions* (4th ed. 2002) § 11.41. The Declaration of Class Counsel H. Tim Hoffman filed concurrently herewith demonstrates that the proposed settlement was the product of serious, informed, and non-collusive negotiations, otherwise proper and should be given final approval by the Court, and demonstrates Counsels' extensive experience in this type of litigation. (Hoffman Decl., ¶¶ 5-13.) It also describes the investigation that Class Counsel undertook prior to settlement. (*Id.*, ¶¶ 11-12, 17.) Indeed, it was only after the Parties thoroughly investigated and evaluated the strengths and weaknesses of this case, both legally and factually, and extensively discussed the same, that settlement was contemplated. (Hoffman Decl., ¶ 19.) This litigation, therefore, reached the stage where the Parties had and have a clear view of the strengths and weaknesses of their cases sufficient to support the Settlement. *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979). Finally, as verified in the Declaration of Amanda Myette, there are no objections. (Myette Decl., ¶ 15.) Applying these factors, it is clear that the proposed settlement, which provides a benefit to the Class, is fair, adequate and reasonable.

Experienced counsel of the Parties, negotiating at arm's length, have weighed the strengths of the case and examined all of the issues and risks of litigation and endorse the proposed settlement. The view of the attorneys actively conducting the litigation "is entitled to significant weight" in deciding whether to approve the settlement. *Fisher Bros. v. Cambridge Lee Industries, Inc.*, 630 F. Supp. 482, 488

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3

8

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

1  (ED.Pa. 1985); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D.Cal.
2  1980), affd. 661 F.2d 939 (9th Cir. 1981); *Boyd v. Bechtel Corp., supra*, 485 F.
3  Supp. at pp. 616-17.  There has been no collusion by counsel for the Parties, but
4  instead, a thoughtful, careful agreement to reach settlement of Class Members'
5  claims.

6  Class Counsel is convinced that this settlement is in the best interest of the
7  Class based on the negotiations and a detailed knowledge of the issues present in
8  this action.  Specifically, Class Counsel balanced the terms of the proposed
9  settlement against the probable outcome of liability and the range of recovery at
10 trial.  (Hoffman Decl., ¶ 19.)  This included recent developments in the law that
11 presented challenges for the Class, including (1) two U.S. Department of Labor
12 Opinion Letters concluding that depending upon the specific facts retail LCs like
13 those Citi employed in California can be classified as exempt under the outside
14 sales exception and/or the administrative exemption (*See* DOL Opinion Letter,
15 FLSA 2006-11 (March 31, 2006) and DOL Opinion Letter, FLSA 2006-31
16 (September 8, 2006)), (2) a DOL Opinion Letter holding that a guaranteed payment
17 meets the salary basis test provided that the amount of the payment does not fall
18 below the FLSA's minimum salary threshold (*See* DOL Opinion Letter 2006-43
19 (November 27, 2006)),[4] (3) U.S. District Court decisions in California denying
20 motions for class certification in cases brought on behalf of retail loan consultants
21 where duties were very similar to those of the Class Members here (*See, e.g.*, *Trinh*
22 *v. J.P. Morgan Chase & Co.,* 2008 U.S. Dist. LEXIS 33016, No. 07-CV-1666 (S.D.
23 Cal. 4/22/08); *Harrington v. Home Loan Funding, Inc.,* No. CV 06-6763 (C.D. Cal.
24 3/28/08)), (4) a U.S. District Court decision granting summary judgment against a
25 plaintiff employed in the financial services industry on the ground that the
26 employer bank properly classified the plaintiff as exempt under the administrative

---

[4] All of the cited DOL Opinion Letters were filed April 4, 2008 as attachments to the Compendium of Authorities in support of preliminary approval of the settlement.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3

9

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

exemption (*See, e.g., Hein v. PNC Financial Services Group, Inc.,* 511 F. Supp. 2d 563, 575 (E.D. Pa. 2007)), and (5) a California Supreme Court decision holding that employers need not "ensure" that eligible employees take their meal breaks (*See Brinker Restaurant Corp. v. Superior Court*, 2008 WL 2806613 (7/22/08)).

Counsel on both sides share the view that this is a fair and reasonable settlement taking into consideration the complexities of the case, the state of the law and the uncertainties of class certification and litigation, and the good result for the Class Members. Both Plaintiffs' and Citi's counsel are particularly experienced in wage and hour employment law and class actions. (Hoffman Decl., ¶¶ 5-8.) In light of such experience, Counsel are well qualified to evaluate the Class claims and to evaluate settlement, versus trial, on a fully informed basis, and to evaluate the viability of the defenses. Given the risks inherent in litigation and the defenses asserted, this settlement is fair, adequate, and reasonable and in the best interests of the Class and one which supports a grant of final approval.

Of the 895 members of the Class to whom a Notice Packet was sent, there were no requests for exclusion and no objections. (Myette Decl., ¶¶ 14-15.) This is true despite the fact that the vast majority of the Class received notice of the Settlement *twice* – first, when initially mailed with the Notice Packet, and then approximately a month later when the Claims Administrator sent reminder post-cards. (*Id.*, ¶¶ 9, 12.) Three and one-half months have passed without a single objection or request for exclusion being filed. Nor did any of the state or federal officials who received notice raise any issues or objections. (Murthy Decl., ¶ 5; Hoffman Decl., ¶ 21.) The settlement clearly is viewed as fair by all affected Class Members and by those responsible for protecting the Class Members' interests.

## **CONCLUSION**

The Parties respectfully submit that based on the foregoing, the proposed settlement is fair, adequate and reasonable, and that it is in the best interests of Plaintiffs and the settlement Class. Under the applicable class action criteria and

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB2/20843306.3

10

NOTICE OF MOTION AND JOINT MOTION
FOR FINAL APPROVAL OF CLASS SETTL.
CASE NO. 06-CV-7550 ABC (PJXX)

1  guidelines, this Court should issue an order granting final approval of the proposed
2  settlement.

4  DATED: September 26, 2008          COHELAN & KHOURY
                                      LAW OFFICES OF MICHAEL J.
                                      PROCOPIO

                                      By: _____/s/_____
                                           ISAM KHOURY

                                      Class Counsel and Counsel to Plaintiff Linda
                                      Burke

10 DATED: September 26, 2008          HOFFMAN & LAZEAR
                                      LAW OFFICES OF MARK R. THIERMAN

                                      By: _____/s/_____
                                           H. TIM HOFFMAN

                                      Class Counsel and Counsel to Plaintiff Linda
                                      Giusti-Mangiameli

15 DATE: September 26, 2008           MORGAN, LEWIS & BOCKIUS LLP

                                      By: _____/s/_____
                                           DARYL S. LANDY

                                      Attorneys for Defendants
                                      CITIMORTGAGE, INC. and CITIGROUP
                                      INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20843306.3                        11    NOTICE OF MOTION AND JOINT MOTION
                                            FOR FINAL APPROVAL OF CLASS SETTL.
                                            CASE NO. 06-CV-7550 ABC (PJXX)